**EXLEY EXPRESS, INC., Ralph F. Dunkley, doing business as Dunkley Distributing Co., Consolidated Freightways Corporation of Delaware, and Garrett Freightlines, Inc., Plaintiffs,**

v.

**UNITED STATES of America and Interstate Commerce Commission, Defendants.**

Civ. No. 65–233.

United States District Court
D. Oregon.

Feb. 15, 1966.

William B. Adams, Portland, Or., Robert G. Simpson, Portland, Or., for plaintiffs.

Donald F. Turner, Asst. Atty. Gen., and John H. D. Wigger, Attorney, Department of Justice, Washington, D. C., Sidney I. Lezak, U. S. Atty., Portland, Or., for defendant, United States of America.

Robert W. Ginnane, General Counsel and Thomas H. Ploss, Attorney, Interstate Commerce Commission, Washington, D. C., for defendant, Interstate Commerce Commission.

Before DUNIWAY, Circuit Judge, and SOLOMON and KILKENNY, District Judges.

PER CURIAM:

Plaintiffs challenge the findings and conclusions of the Interstate Commerce Commission in Case of Dale D. Jacobs Extension—Frozen Foods, No. MC 124-841 (Sub-No. 2), which granted to Jacobs rights as a contract carrier. Plaintiffs assert that the Commission erred in finding (1) that the applicant was able to furnish transportation services designed to meet the distinct need of his customer, Terminal Ice and Cold Storage Company (Terminal Ice), in accordance with Section 203(a) (15) (b) [49 U.S.C. § 303(a) (15) (b)]; (2) that Terminal Ice qualified as a shipper as required by the Act; and (3) that plaintiffs were not entitled to examine the new contract between the applicant and Terminal Ice to determine whether it was a bona fide bilateral contract.

We have considered the record and are of the opinion that the findings and conclusions of the Commission are supported by substantial evidence and that the Commission did not act arbitrarily or capriciously in making its findings and reaching its conclusions, except that we are of the opinion that the Commission should have permitted the plaintiffs to examine the contract and to present to the Commission their objections thereto.

The record shows that the applicant presented a proposed contract which was considered at the hearing and that the Commission first found that the contract was bilateral within the Commission's requirements as set forth in Contracts of Contract Carriers, 1 M.C.C. 628, 633. By a corrected order, the Commission found, in accordance with the contentions of plaintiffs, that the contract was not bilateral within those requirements. It then noted that before the applicant could receive permanent authority, it must comply with such requirements. Thereafter a new proposed contract, claimed to be bilateral, was filed, and the plaintiffs requested an opportunity to examine it and state their objections to it. This request was denied on the authority of Section 220(a) of the Act, 49 U.S.C. § 320(a), which provides:

"* * * The Commission shall not, however, make public any contract, agreement, or arrangement between a contract carrier by motor vehicle and a shipper, or any of the terms or conditions thereof, except as a part

of the record in a formal proceeding where it considers such action consistent with the public interest: * * * "

We are of the opinion that because the Commission requires that there be a bilateral contract as a condition to the right to operate as a contract carrier, plaintiffs are entitled to examine the contract and it is consistent with the public interest to permit them to do so.

The matter is remanded to the Commission solely for the purpose of permitting the plaintiffs to examine the contract and present to the Commission their objections thereto.